**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

TINA SCOTT-HARRIS

1:18-CV-1085
(GLS/CFH)

                          Plaintiff,

              v.

NYS DEPT. OF HEALTH,

                          Defendant.

_____

**APPEARANCES:**

Tina Scott-Harris
617 5th Avenue
Troy, New York 12182
Plaintiff pro se

**CHRISTIAN F. HUMMEL,**
**U.S. MAGISTRATE JUDGE**

**REPORT-RECOMMENDATION AND ORDER**

**I. In Forma Pauperis Application**

    Plaintiff pro se Tina Scott-Harris commenced this action on September 11, 2018

with the filing of a complaint and, in lieu of paying this Court's filing fee, an application

for leave to proceed in forma pauperis ("IFP").  Dkt. No. 1 ("Compl."), Dkt. No. 2.  After

reviewing plaintiff's IFP application, the Court concludes that plaintiff financially qualified

to proceed IFP.  Dkt. No. 2.  Plaintiff is advised that despite being granted IFP status,

she will still be required to pay for any costs or fees she may incur in this matter, such

as copying fees or witness fees.  Id.

## II. Legal Standards

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that  . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  It is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting her to proceed with her action.  As plaintiff is representing himself, the court must afford plaintiff special solicitude; thus, it is to consider her claims "liberally" and "interpret them 'to raise the strongest arguments that they suggest.'" Cold Stone Creamery, Inc. v. Gorman, 361 F. App'x 282, 286 (2d Cir. 2010) (summary order) (quoting Brownell v. Krom, 446 F.3d 305, 310 (2d Cir. 2006)).

Pleading guidelines are set forth in the Federal Rules of Civil Procedure. Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." See FED. R. CIV. P. 8(a)(2).  "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted).  Rule 8 also requires the pleading to include:

(1) a short and plain statement of the grounds for the court's

> jurisdiction . . .;
> (2) a short and plain statement of the claim showing that the
> pleader is entitled to relief; and
> (3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a).  Although "[n]o technical form is required," the Federal Rules make

clear that each allegation contained in the pleading "must be simple, concise, and

direct."  Id. at 8(d).

　　　　Further, Rule 10 of the Federal Rules provides in pertinent part

that:

> [a] party must state its claims or defenses in numbered
> paragraphs, each limited as far as practicable to a single set
> of circumstances.  A later pleading may refer by number to a
> paragraph in an earlier pleading.  If doing so would promote
> clarity, each claim founded on a separate transaction or
> occurrence – and each defense other than a denial – must
> be stated in a separate count or defense.

FED. R. CIV. P. 10(b).  This serves the purpose of "provid[ing] an easy mode of

identification for referring to a particular paragraph in a prior pleading[.]"  Flores, 189

F.R.D. at 54 (internal quotation marks and citations omitted).  A complaint that fails to

comply with the pleading requirements "presents far too a heavy burden in terms of

defendants' duty to shape a comprehensive defense and provides no meaningful basis

for the Court to assess the sufficiency of their claims."  Gonzales v. Wing, 167 F.R.D.

352, 355 (N.D.N.Y. 1996).  As the Second Circuit has held, "[w]hen a complaint does

not comply with the requirement that it be short and plain, the court has the power, on

its own initiative . . . to dismiss the complaint."  Salahuddin v. Cuomo, 861 F.2d 40, 42

(2d Cir. 1988) (citations omitted).  However, "[d]ismissal . . . is usually reserved for

those cases in which the complaint is so confused, ambiguous, vague, or otherwise

unintelligible that its true substance, if any, is well disguised." Id. (citations omitted).  In

such cases of dismissal, particularly when reviewing a pro se complaint, the court

generally affords the plaintiff leave to amend the complaint.  Simmons v. Abruzzo, 49

F.3d 83, 86-87 (2d Cir. 1995).  A court should not dismiss a complaint if the plaintiff has

stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl.

Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662,

678 (2009) (citation omitted).


### III.  Plaintiff's Complaint

Plaintiff seeks to bring this action against her employer, the New York State

Department of Health, pursuant to the Americans with Disabilities Act ("ADA").  Plaintiff

contends that on January 9, 2018, plaintiff filed a complaint with "Affirmative Action"

against a nonparty coworker who made "a racist comment" to their office manager.

Compl. at 4.  After plaintiff learned of her coworker's statement, plaintiff informed her

office manager that the coworker's statement "was causing me stress and negatively

impacting my mental and physical health" and requested to be moved to a different

office "because I did not feel comfortable being around [the coworker] and/or having our

work duties intertwine." Id.

In February 2018, the coworker began verbally harassing plaintiff by calling her

names and making disparaging statements about plaintiff and her daughter.   Compl. at

5.  Plaintiff again informed "Affirmative Action" of the coworker's harassment and requested by e-mail to be moved to another office.  Id.  Plaintiff contends that, at this time, she "was in and out of work due to the stressful work environment created by my co-workers and management, causing me to experience severe anxiety."  Id.

On March 22, 2018, plaintiff filed a harassment complaint against her coworker with New York State troopers.  Compl. at 5.  That day, the assistant director moved plaintiff "to the office next door," but with this new office placement, plaintiff "still had to go to my previous office for meetings and to get and return my work assignments," which allowed the coworker "further opportunity" to harass plaintiff.  Id.  On April 2, 2018, plaintiff's doctor took her out of work "due to my mental health status and exceedingly high levels of anxiety directly caused [by] work related stress I was forced to experience."  Id.  Plaintiff advises that she has been out of work on sick leave since April 2018 "due to my anxiety being out of control."  Id.  Plaintiff was hospitalized from July 7 through July 14, 2018 "due to severe stress and anxiety resulting in a diagnosis of pyschosis."  Id. at 6.

On May 3, 2018, plaintiff filed a "grievance" against defendant New York State Department of Health regarding her workplace harassment.  Compl. at 6.  Within this grievance, plaintiff requested transfer to another office, "recoupment of lost time, lost wages and compensation of mental damages."  Id.  Plaintiff's request was denied on July 24, 2018.  Id.  In May 2018, plaintiff filed an EEOC complaint.  On June 15, 2018, plaintiff received a right to sue letter from the EEOC.

Plaintiff demands "compensation for: last [sic] wages, accruals and

mental/emotional damages." Id. at 7.

## IV. Initial Review

Plaintiff appears to contend that defendants failed to adequately accommodate her disability, anxiety, by transferring her to an office that would preclude her interaction with the harassing coworker.   Plaintiff appears to suggest that because defendant did not transfer her to an office that would allow her to avoid all interaction with the harassing coworker, her anxiety was worsened and she was unable to work due to her anxiety.  The Americans with Disabilities Act ("ADA"), 32 U.S.C. 12101 et seq. provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.  42 U.S.C. § 12132.  Title I of the ADA applies to disability discrimination in employment.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. CONST. amend. XI. "[D]espite the limited terms of the Eleventh Amendment, a federal court [cannot] entertain a suit brought by a citizen against his [or her] own State.  Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98 (1984) (citing Hans v. Louisiana, 134 U.S. 1, 21 (1890)).  Regardless of the nature of the relief sought, in the absence of the State's consent or waiver of immunity, a suit against the State or one of its agencies or departments is proscribed by the

Eleventh Amendment. <u>Halderman</u>, 465 U.S. at 100.  Moreover, a suit against a state

official in his or her official capacity is a suit against the entity that employs the official.

<u>Faird v. Smith</u>, 850 F.2d 917, 921 (2d Cir. 1988) (citing <u>Edelman v. Jordan</u>, 415 U.S.

651, 663 (1974)).  "Thus, while an award of damages against an official in his personal

capacity can be executed only against the official's personal assets, a plaintiff seeking

to recover on a damages judgment in an official-capacity suit must look to the

government entity itself," rendering the latter suit for money damages barred even

though asserted against the individual officer in his official capacity.  <u>Kentucky v.

Graham</u>, 473 U.S. 159, 166 (1985).

Insofar as plaintiff's potential ADA claim seeks money damages, "[p]rivate

individuals cannot claim monetary damages against a state for violations of the ADA

under Title I of the ADA."  <u>Chisa v. New York State Dept. of Labor</u>, 638 F. Supp.2d 316

(N.D.N.Y. 2009) (citing <u>Bd. of Trustees of the Univ. of Ala. v. Garett</u>, 531 U.S. 356, 374

(2001)).  As plaintiff's complaint seeks money damages, Compl. at 7, that request for

relief cannot proceed as it is barred by the Eleventh Amendment.  However, a plaintiff is

permitted to seek injunctive relief.  <u>Id.</u>  Currently, plaintiff's complaint requests only

monetary damages, but does not request any kind of injunctive relief, such as an

accommodation at work.  However, in light of plaintiff's status as a <u>pro se</u> plaintiff, the

undersigned recommends that plaintiff be afforded an opportunity to amend her

complaint to the extent she may wish to set forth a demand for injunctive relief.  <u>See

Cuoco v. Moritsugu</u>, 222 F.3d 99, 112 (2d Cir. 2000) (citation and internal quotation

marks omitted).

## V.  Conclusion

**WHEREFORE**, for the reasons stated herein, it is hereby

**ORDERED**, that plaintiff's application to proceed IFP (dkt. no. 2) is **GRANTED**, and it is

**RECOMMENDED**, that plaintiff's Complaint (dkt. no. 1) be **DISMISSED**: insofar as plaintiff seeks monetary damages against the New York State Department of Health, it is RECOMMENDED that this request be dismissed WITH PREJUDICE as monetary damages are barred by the Eleventh Amendment; however, it is recommended that the dismissal be WITHOUT PREJUDICE to plaintiff's ability to amend should plaintiff wish to pursue injunctive relief; and it is further

**RECOMMENDED**, that if the District Judge adopts this Report-Recommendation and Order, plaintiff be given thirty (30) days from the date of entry of the Order reviewin this Report-Recommendation and Order to file an amended complaint, and if the Court does not receive an amended complaint within this time frame, the Clerk of the Court close the case without further order of the Court, and if plaintiff does file an amended complaint within this time period, the Clerk of the Court return this case to the Magistrate Judge for review of any amended complaint; and it is

**ORDERED**, that the Clerk of the Court serve this Report-Recommendation and Order on plaintiff.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court "within fourteen (14)

days after being served with a copy of the . . . recommendation." N.Y.N.D. L.R. 72.1(c)

(citing 28 U.S.C. §636(b)(1)(B)-(C)).  **FAILURE TO OBJECT TO THIS REPORT**

**WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v.

Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir.

1989); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(e).[1]

      Dated: November 9, 2018
      Albany, New York

                                                     Christian F. Hummel
                                                     U.S. Magistrate Judge

---

[1]  If you are proceeding pro se and are served with this Order by mail, three (3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17) days from the date the Order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Id. § 6(a)(1)(c).